

**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

OPI: CPD
NUMBER: 5880.28
DATE: CN-06, 7/19/99
SUBJECT: Sentence Computation Manual (CCA of 1984)

1. **PURPOSE AND SCOPE.** This Program Statement transmits the "Sentence Computation Manual" which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code under the statutes of the Comprehensive Crime Control Act of 1984 (CCCA).

On October 12, 1984, President Reagan signed the Comprehensive Crime Control Act of 1984 (CCCA) into law. Two major components of this law, the Sentencing Reform Act of 1984 (SRA) and the Insanity Reform Act of 1984, completely restructured the sentencing guidelines and policies of the United States Courts.

After the effective date of the SRA on November 1, 1987, a number of United States Court decisions found all or parts of the SRA unconstitutional. As a result, the SRA was implemented nationally in various ways.

On January 18, 1989, in **Mistretta v. U.S.**, the Supreme Court considered the constitutionality of the sentencing guidelines and ruled that the guidelines were constitutional. This Manual provides instructions for computing sentences imposed under the CCCA both before and after the **Mistretta** decision.

2. **DIRECTIVES AFFECTED**

   a. **Directives Rescinded.** None.

   b. **Directives Referenced.** None.

     **g.  Good Conduct Time.**  Subsection 3624(b) states, "(b) Credit toward service of sentence for satisfactory behavior.-- A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with such institutional disciplinary regulations as have been approved by the Attorney General and issued to the prisoner.  If the Bureau determines that during that year, the prisoner has not satisfactorily complied with such institutional regulations, he shall receive no such credit toward service of his sentence or shall receive such lesser credit as the Bureau determines to be appropriate.  The Bureau's determination shall be made within fifteen days after the end of each year of the sentence.  Such credit toward service of sentence vests at the time it is received.  Credit that has been vested may not later be withdrawn, and credit that has not been earned may not later be granted.  Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."

     For computation purposes, it is necessary to remember the following about subsection 3624(b):

     (1)  54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being

prorated for the last partial year.  No GCT can be earned on, or
awarded to, a sentence of one year or less.

          (2)   The BOP has 15 days after the end of
each full year served to make a determination as to the amount of
the 54 days that shall be awarded.  If the BOP makes no decision
about the amount of GCT to award in the 15 days at the end of the
year just served, then the entire 54 days will be automatically
credited to the sentence on the Vested Date.  Therefore, before
awarding any GCT on the Vested Date, staff shall review the
SENTRY disciplinary log to determine if any GCT had been
disallowed during the preceding anniversary period.  If no GCT
was disallowed during the preceding anniversary period, then the
GCT SENTRY data base shall be updated with the total amount of
GCT possible to earn and a copy of the disciplinary log, as well
as a copy of the GCT record (both signed and dated by the ISM
staff member making the change and the auditor), shall be placed
in the Judgment and Commitment File.                            *

          If some or all of the GCT had been
disallowed during the preceding anniversary period and no BP-448
(Good Conduct Time Action Notice) has been received by the Vested
Date that matches the disciplinary log record, then the
disciplinary log shall be used as the official record for
disallowing GCT on the Vested Date.  A copy of the disciplinary
log shall be placed in the Judgment and Commitment File pending
receipt of a BP-448 that matches the information on the
disciplinary log.  After receipt of the BP-448 the disciplinary
log copy shall be destroyed.  Again, an updated copy of the

SENTRY GCT record (signed and dated by the ISM staff member making the change and the auditor) shall be placed in the Judgment and Commitment File.

*

       Once GCT has been credited, it vests and may not later be disallowed.  If good cause exists (e.g., riot, food strike, work stoppage, etc.) or the prisoner commits an act of misconduct (See Program Statement on Inmate Discipline and Special Housing Units) that occurred during the prior year but does not become known until after the 15 day time limit has expired, however, then the GCT may be disallowed even though the time limit has been exceeded.  In addition, if an act of misconduct is referred to the Discipline Hearing Officer (DHO) and the DHO is unable to dispose of the referral in the manner prescribed by the Program Statement on Inmate Discipline and Special Housing Units within the 15 days allowed, then the official award or disallowance of the GCT may be delayed for the period of time necessary to comply with that Program Statement.

       In any case not covered in the preceding paragraph in which GCT is not disallowed within the proper time limit, the RISA should be contacted for instructions.                    *

       (3)  GCT that is disallowed and that is not awarded from the maximum possible to award during the 15 day time limit, may not be awarded at a later time.  If a disallowance of GCT is successfully appealed, or if the BOP has for some reason erroneously disallowed GCT, then the GCT may be credited at that time.

(4)  The BOP has six weeks before the end of
the sentence to make a determination about how much of the
prorated GCT to award for the last portion of a year of the term
of imprisonment.  If the BOP makes no decision about the amount
of GCT to award in the last six weeks of the sentence, then the
entire amount possible to award for that period of time will be
automatically credited to the sentence on the last day of the
sentence (date of release and Vested Date).  Therefore, before
awarding any GCT on the Vested Date, staff shall review the
SENTRY disciplinary log to determine if any GCT had been
disallowed during the preceding anniversary period.  If no GCT
was disallowed during the preceding anniversary period, then the
GCT SENTRY data base shall be updated with the total amount of
GCT possible to earn and a copy of the disciplinary log, as well
as a copy of the GCT record (signed and dated by the ISM staff
member making the change and the auditor), shall be placed in the
Judgment and Commitment File.

If some or all of the GCT had been
disallowed during the preceding anniversary period and no BP-448
has been received by the Vested Date that matches the
disciplinary log record, then the disciplinary log shall be used
as the official record for disallowing GCT on the Vested Date.  A
copy of the disciplinary log shall be placed in the Judgment and
Commitment File pending receipt of a BP-448 that matches the
information on the disciplinary log.  After receipt of the BP-448
the disciplinary log copy shall be destroyed.  Again, an updated

copy of the SENTRY GCT record (signed and dated by the ISM staff
member making the change and the auditor) shall be placed in the
Judgment and Commitment File.

              (5)  An action to delay, disallow or suspend
the award of some or all of the GCT for a decision at a later
time that is not within the 15 day, or six week, consideration
time periods is not authorized.

    For release purposes, subsection 3624(b) is the most
important provision in the computation process since the proper
application of that subsection determines the actual statutory
date of release for the prisoner.  The release date is
determined, of course, by subtracting the total amount of GCT
awarded during the term of the sentence from the full term date
of the sentence.  The _total_ amount of GCT awarded during the term
of a sentence is found by adding the amount of GCT awarded at the
end of each year to the amount of GCT awarded for the last
portion of a year.

    As noted in (1) above, 54 days of GCT may be awarded for
each full year served on a sentence in excess of one year.  Since
54 days of GCT per year cannot be divided evenly into one year,
or 12 months, or 52 weeks, or 365 days, determining the amount of
GCT that may be awarded for the last portion of a year on the
sentence becomes arithmetically complicated.  The BOP has
developed a formula (hereinafter called the "GCT formula") that

best conforms to the statute when calculating the maximum number of days that may be awarded for the time served during the last portion of a year on the sentence.

The GCT formula is based on dividing 54 days (the maximum number of days that can be awarded for one year in service of a sentence) into one day which results in the portion of one day of GCT (continued on next page)

that may be awarded for one day served on a sentence.   365 days
divided into 54 days equals .148.   Since .148 is less than one
full day, no GCT can be awarded for one day served on the
sentence.   Two days of service on a sentence equals .296 (2 x
.148) or zero days GCT; three days equals .444 (3 x .148) or zero
days GCT; four days equals .592 (4 x .148) or zero days GCT; five
days equals .74 (5 x .148) or zero days GCT; six days equals .888
(6 x .148) or zero days GCT; and seven days equals 1.036 (7 x
.148) or 1 day GCT.   The fraction is always dropped.

Since, in accordance with the statute (18 USC § 3624(b)), no
GCT can be awarded to a sentence of one year or less, then the
very shortest sentence that can be awarded GCT is a sentence of 1
year and 1 day.   Because a prisoner would accrue GCT while
serving a sentence of 1 year and 1 day and, therefore, serve
something less than the full sentence, it would be impossible to
accrue the full 54 days of GCT for a sentence of 1 year and 1
day.   As a result, the GCT formula previously discussed must be
utilized as shown below to determine the amount of GCT to award
for a partial year.   This method of calculating the GCT possible
to award for the last portion of a year of a sentence to be
served must be followed in all partial year calculations.   (For
the purpose of this demonstration, the sentence of 1 year and 1
day equals 366 days.)

Step No. 1

Sentence  = 366 - 54 = 312 days

312 days served does not equal 54 days of GCT but does equal 46
days.

Step No. 2

    Served  = 312 x .148 = 46.176 = 46 days GCT


Subtracting 46 days from the sentence of 366 days results in 320
days to be served.


Step No. 3

Sentence  = 366 - 46  = 320 days

46 days of GCT is not enough because 46 plus 312 days to be
served equals a sentence of 358 days, 8 days short of a sentence
of 366 days (1 year and 1 day).


Step No. 4

    Served  = 312 + 46  = 358 days

Comparing 320 days to serve, which is too much time to serve,
with 312 days to serve, which is not enough time to serve,
reveals that the amount of GCT that can be earned must fall
somewhere between 54 and 46 days.  As a result, the next step is
to determine how much GCT can be earned on 320 days served.


Step No. 5

Time Served  =  320 x .148  = 47.36 = 47 days GCT

Subtracting 47 days from the sentence of 366 days (1 year and 1
day)
results in 319 days to be served.


Step No. 6

Sentence  =  366 - 47  = 319 days

Utilizing the GCT formula, it is learned that 319 days served
equals
47 days GCT.


Step No. 7

Time Served  = 319 x .148  = 47.212 = 47 days GCT

Adding 319 days time served to 47 days GCT does equal a sentence
of 366 days (1 year and 1 day).

Step No. 8

d.

b.

.h.                              :d              p.                            mp
                                                                              d.
                    he                                                                    :d

54

$\underline{46}$
$\underline{47}$
$\underline{47}$

            .y:                        :d             d.                      q.
d.

q          d.        .d                                              :d            .y
C                                                            b.            :d
                              :h.                   d.
                     d.                             d.              :d         :T
    888              .d  b.                                         hm
          :h                                                       p           CT
                     .h.                      p.                   .h.
    .h.                                  .p]  y   .g
        p.                               d.

```
294 x .148 = 43.512  (294 + 43 = 337)
294 - 43= 251 x .148 = 37.148 (251 + 37 = 288)
294 - 37= 257 x .148 = 38.036 (257 + 38 = 295)
294 - 38= 256 x .148 = 37.888 (256 + 37 = 293)
```

    As you can see from above, the GCT formula does not produce
a result that will allow the number of days actually served plus
the GCT to equal 294 days.  Since it is to the advantage of the
prisoner to award an additional full day for 37.888 days (38 days
instead of 37 days) of GCT in such a situation, the BOP will
award that additional 1 full day even though the time served
results in a fraction (.888 in this case) short of a full day.
(See Good Conduct Time Chart)

    It is essential to learn that GCT is not awarded on the
basis of the length of the sentence imposed, but rather on the
number of days  actually served.  In other words, when the GCT
awarded plus the number of days actually served equals the days
remaining on the sentence, then the prisoner shall be released on
the date arrived at in the computation process (days remaining on
sentence - (GCT + days served) = release date).  The following
example demonstrates the computation process for determining a
final release date on a sentence with 355 days remaining and that
has a 10-10-91 date of release prior to the award of GCT.

```
355 x .148 = 52.54  (355 + 52 = 407)
355 - 52= 303 x .148 = 44.844 (303 + 44 = 347)
355 - 44= 311 x .148 = 46.028 (311 + 46 = 357)
355 - 46= 309 x .148 = 45.172 (309 + 45 = 354)
355 - 45= 310 x .148 = 45.88  (310 + 45 = 355)
```

```
Release Date        = 10-10-91 =  19276
GCT                           = -00045
Final Release Date = 08-26-91 =  19231
```

Based on the partial year formula, any sentence that equals 418 days (e.g., 1 year, 1 month and 21 days) through 425 days (e.g., 1 year, 1 month and 29 days), can receive 54 days of GCT. Beginning with sentences that equal 426 days, <u>more</u> than 54 days of GCT can be awarded.  As a result, any sentence that exceeds 425 days will require an Anniversary Date and a prorated year computation.

Now that the method for finding the release date for a partial year has been shown, the following example demonstrates the calculation of a sentence of 1 year and 1 month with no jail time credit or inoperative time.

```
Date Sentence Began        90-06-23
Sentence Length        = +01-01-00
Full Term Date             91-07-22* =  19196
Date Sentence Began        90-06-22* = -18801
Days Remaining                         395
```

```
395 x .148 = 58.46  (395 + 58 = 453)
395 - 58= 337 x .148 = 49.876 (337 + 49 = 386)
395 - 49= 346 x .148 = 51.208 (346 + 51 = 397)
395 - 51= 344 x .148 = 50.912 (344 + 50 = 394)
395 - 50= 345 x .148 = 51.06  (345 + 51 = 396)
```

You will note that the GCT formula does not allow the GCT plus the days served (344 + 50 = 394 and 345 + 51 = 396) to equal the days remaining on the sentence (395).  As a result, in accordance with the exception to always "dropping the fraction" rule, 51 days of GCT is awarded for the partial year rather than 50 days.

More examples follow at the end of this chapter that demonstrate
all the elements of a sentence that can result from a sentence to
a term of imprisonment.

     The next step in the calculation process of a sentence is to
determine the "Vested Date", sometimes incorrectly referred to as
the "Anniversary Date."  The Anniversary Date is the date after
one full year has been served on a sentence.  The Vested Date is
the date that is 15 days beyond the last day served on a full
year and, in the case of a partial year, the last day of the
sentence.  As noted in 18 U.S.C. § 3624(b) (quoted in its
entirety above), the BOP has 15 days after the end of each full
year served on the sentence to decide how much of 54 days GCT
shall be awarded and six weeks before the end of the sentence to
determine the prorated amount of GCT that shall be awarded.
Staff shall review appropriate documentation and award the proper
amount of GCT accordingly within the 15 day or last six weeks
consideration period.

     Staff may enter any number of days desired into the SENTRY
data base at any time, except on the Vested Date, to learn a
prisoner's projected release date for release planning purposes.
This type of entry into the SENTRY data base does not constitute
a vested award of GCT.

     In order to determine the Vested Date, the release date with
the maximum possible amount of GCT to award must be learned.
Learning (continued on next page)

this information is necessary to make a determination about
whether the fifteen days or the six weeks, or both, need to be
known to decide the amount of GCT to award.

Beginning with a sentence that is 7 days longer than the
last full year that is served on a sentence that is eligible for
GCT through a sentence that is 65 days longer than the last full
year served on a sentence that is eligible for GCT, there is, or
needs to be an overlapping of the 15 days and six weeks GCT
consideration time.  In other words, during such times, and
sometimes at the same time, consideration must be given for both
the amount of GCT to award for one full year of service on the
sentence and for a partial year.  For example, a sentence of 1
year, 2 months and 2 days imposed on 01-10-88 would have a full
term date of 03-11-89.  If the full 15 days were used to decide
that 54 days GCT should be awarded, the 15 days (Vested Date)
would expire on 01-24-89.  The release date would be 01-16-89, 8
days before the award could be made.  In addition, no
consideration would have been given for the 7 days served over
one year for which 1 day of GCT could be awarded, thus
frustrating and nullifying the very reason for which the six week
consideration period of time was statutorily devised.  Remember,
failure to award an amount of GCT less than the amount that can
be awarded on the Vested Date then requires that the full amount
possible to award must be credited.

In order to overcome the problem just described and to give
staff ample time to make proper decisions about the amount of
time to award,

a system that accommodates both the 15 days and six weeks, called "overlapping" has been developed.

Considering the amount of time to award can begin at any time, but the official award must be made within the time frame (15 days or six weeks) required by the statute.  As stated earlier, the official award of GCT need not be made until the last possible day to make the award allowed by statute.  If ISM staff follow this practice, it will allow time to change the proposed amount to award up to and including the final day that the award can be made, including the date of release for a partial year.  If, of course, any GCT is disallowed during the partial year, then it is necessary to make the actual award of the balance of the GCT to be awarded **on** the original date calculated for release.  **No GCT** may be disallowed during the service of the disallowed GCT.  **No GCT** shall be awarded for the time spent serving the disallowed GCT.                                    *

Following are some examples that demonstrate overlapping situations.

EXAMPLE NO. 1

Sentence = 1 Yr 2 Mos 1 Dy  DSB = 01-10-89   Full Term Date = 03-10-90
*********************************************************************

| Anni-versary Date | Consid-eration Begins | Vested Date | Maximum to Award | Actual Award | Running Total | Release Date 03-10-90 |
|---|---|---|---|---|---|---|
| 01-10-90 | 12-05-89 | 01-15-90 | 54 | 54 | 54 | 01-15-90 |

*********************************************************************

In the above example, the sentence is 1 year, 2 months and 1 day.
The statutory six weeks consideration period is used since to use
the full 15 days (01-10-90 (Anniversary Date) through 01-24-90)
after one full year of service on the sentence would result in a
release date (01-15-90) that would be ten days before the final
date of the 15 days (01-24-90).  Since there is no preceding year
on which GCT was eligible to be awarded, only one Vested Date
(01-15-90) needs to be established.  When six weeks are used, the
last day of the six weeks (Vested Date) will always be the award
date and the award will always be the release date as long as the
full amount possible to award is given.

EXAMPLE NO. 2

Sentence = 1 Yr 2 Mos 2 Dys DSB = 01-10-89   Full Term Date = 03-11-90
*****************************************************************
| Anni-<br>versary<br>Date | Consid-<br>eration<br>Begins | Vested<br>Date | Maximum<br>to<br>Award | Actual<br>Award | Running<br>Total | Release<br>Date<br>03-11-90 |
|---|---|---|---|---|---|---|
| 01-10-90 | 12-05-89 | 01-15-90 | 54 | 54 | 54 | 01-16-90 |
|  | 12-05-89 | 01-15-90 | 1 | 1 | 55 | 01-15-90 |

*****************************************************************

In the above example, the sentence is 1 year, 2 months and 2
days.  This example demonstrates the very first sentence where
overlapping occurs.  It shows that consideration for the full 54
days and 1 day of GCT as beginning six weeks before the
anticipated release date.  If the full 15 days (01-10-90 through
01-24-90) for the 54 days were used, then the release date would
have passed (01-16-90) before the award would have been made on
01-24-90.  Of course, consideration to award the 54 days could
have been accomplished during 01-10-90 through 01-15-90 with the
award being made on 01-15-90, and the 1 day of GCT could have
been considered during the same time period with the actual award
being made on 01-15-90.  There is no reason to limit the
consideration period to such a short time frame.  That short
period of time is the reason for calculating the "Consideration
Begins" date far enough in advance to allow staff ample time to
consider the award without undue pressure from a shrinking
release date.  This system gives staff the optimum amount of time
to consider and reconsider whether to award all or part of the
maximum possible GCT that can be awarded.

EXAMPLE NO   3

Sentence = 1 Yr 2 Mos 10 Dys DSB = 01-10-89  Full Term Date = 03-19-90
***********************************************************************

| Anni-versary Date | Consid-eration Begins | Vested Date | Maximum to Award | Actual Award | Running Total | Release Date 03-19-90 |
|---|---|---|---|---|---|---|
| 01-10-90 | 12-12-89 | 01-22-90 | 54 | 54 | 54 | 01-24-90 |
|  | 12-12-89 | 01-22-90 | 2 | 2 | 56 | 01-22-90 |

***********************************************************************

In the above example, the sentence is 1 year, 2 months and 10
days.  This example again shows the "Consideration Begins" date
as being six weeks in advance of the release date to give
consideration for the 2 days of GCT.  You will note from this
example that by using the same "Consideration Begins" date for
the 54 days that more than six weeks exists.  In order to give
staff a full six weeks in which to award and consider the amount
of prorated GCT to award on the partial year at the end of the
sentence, it is necessary to expand the consideration time for
the 54 days that can be awarded for the year just passed.  The
consideration time for the year just passed will continue to
expand until such time that the full 15 days provided by statute
can be utilized without cutting into the six weeks that is
statutorily authorized for the partial year at the end of the
sentence (Example No. 7).

EXAMPLE NO. 4

Sentence = 1 Yr 2 Mos 13 Dys DSB = 01-10-89  Full Term Date = 03-22-90
*************************************************************************

| Anni-versary Date | Consid-eration Begins | Vested Date | Maximum To Award | Actual Award | Running Total | Release Date 03-22-90 |
|---|---|---|---|---|---|---|
| 01-10-90 | 12-15-89 | 01-24-90 | 54 | 54 | 54 | 01-27-90 |
| | 12-15-89 | 01-25-90 | 2 | 2 | 56 | 01-25-90 |

*************************************************************************

In the above example, the sentence is 1 year, 2 months and 13
days.  This example shows that there is now actually enough time
to utilize the full 15 days (01-10-90 through 01-24-90) to award
54 days for the year just passed without interfering with the
eventual release date, but if no consideration time is given for
the 2 days of GCT until after the 54 days is awarded on 01-24-90,
then there would only be one day (01-25-90) in which to consider
and award the 2 days of GCT for the partial year.  Since the
statute allows six weeks in which to award the final 2 days of
GCT for the partial year, a "Consideration Begins" date that is
six weeks in advance of the earliest potential release date has
been established for both the 54 days and 2 days to, again, give
staff ample time to make a proper decision about the GCT and to
put off making the actual award until the very latest possible
date.  Putting off the award to the last possible moment, as
stated earlier, provides staff with the time to reconsider the
amount of GCT to award up to the maximum date possible (01-24-90
for the 54 days and the release date of 01-25-90 for the 2 days).
So, beginning with sentences of 1 year, 2 months and 13 days, the
amount of time for consideration of the 54 days begins to
diminish since the maximum date to award expires on 01-24-90,
i.e., one full year of service of the sentence beyond one year
expires on 01-09-90 and the statute authorizes 15 days (01-10-90
through 01-24-90) after that year is over to award the GCT, some
or all of it.

EXAMPLE NO. 5

Sentence = 1 Yr 3 Mos 14 Dys DSB = 01-10-89  Full Term Date = 04-23-90
*********************************************************************

| Anni-versary Date | Consid-eration Begins | Vested Date | Maximum To Award | Actual Award | Running Total | Release Date 04-23-90 |
|---|---|---|---|---|---|---|
| 01-10-90 | 01-10-90 | 01-24-90 | 54 | 54 | 54 | 02-28-90 |
| | 01-12-90 | 02-22-90 | 6 | 6 | 60 | 02-22-90 |

*********************************************************************

In the above example, the sentence is 1 year, 3 months and 14
days.  This example shows that the "Consideration Begins" date
for the year just passed and the final partial year are now two
days different.  This difference is so because the time period to
award GCT for the year just passed begins the day after (01-10-
90) and runs through the 15th day after (01-24-90) and the time
period to award GCT for the partial year begins six weeks in
advance (01-12-90) of the release date and runs through the date
of release of 02-22-90.  Since these time periods overlap, staff
can consider how much of the 54 days and the 6 days to award on
the Vested Dates during the time in which the consideration time
overlaps, or staff can consider each separately during the dates
shown.

EXAMPLE NO. 6

```
Sentence = 1 Yr 3 Mos 26 Dys DSB = 01-10-89  Full Term Date = 05-05-90
***********************************************************************
```

| Anni-versary Date | Consid-eration Begins | Vested Date | Maximum To Award | Actual Award | Running Total | Release Date 05-05-90 |
|---|---|---|---|---|---|---|
| 01-10-90 | 01-10-90 | 01-24-90 | 54 | 54 | 54 | 03-12-90 |
| | 01-22-90 | 03-04-90 | 8 | 8 | 62 | 03-04-90 |

```
***********************************************************************
```

In the above example, the sentence is 1 year, 3 months and 26 days.  This example demonstrates that as the sentence length for the partial year at the end of the sentence becomes longer, the overlap of the 15 days and the six weeks becomes shorter.  In this example, the overlap period is only three days.  Staff must keep in mind that if consideration for the 54 days and 8 days is made at the same time, then there would only be three days (01-22-90 through 01-24-90) in which to award the 54 days, or some part thereof.  It should also be borne in mind that the last 8 days, and the time period in which to consider it, only becomes valid after the preceding action for the 54 days is complete.  If any amount of GCT less than the 54 days is awarded in the preceding year, then the dates, and possibly the amount of GCT, for the final partial year will change.

EXAMPLE NO. 7

Sentence = 1 Yr 3 Mos 29 Dys DSB = 01-10-89  Full Term Date = 05-08-90
********************************************************************

| Anni-versary Date | Consid-eration Begins | Vested Date | Maximum To Award | Actual Award | Running Total | Release Date 05-08-90 |
|---|---|---|---|---|---|---|
| 01-10-90 | 01-10-90 | 01-24-90 | 54 | 54 | 54 | 03-15-90 |
|  | 01-25-90 | 03-07-90 | 8 | 8 | 62 | 03-07-90 |

********************************************************************

In the above example, the sentence is 1 year, 3 months, and 29
days.  This example shows that beginning with sentences that have
65 days remaining to be served on the final partial year after
GCT has been awarded for the year just passed, that there is no
overlap of the 15 days for the preceding year and the six weeks
for the partial year.  The award for the 54 days can be made at
any time from 01-10-90 through 01-24-90, but the award for the 8
days should not be made until the actual release date so that
staff can reconsider how much,   if any, of the 8 days to award
up to, and including, the date of release.  Remember, once
official action is taken to award the GCT, it cannot be revoked,
modified, reduced, suspended, or otherwise altered or changed in
any way.

EXAMPLE NO  8

Sentence = 4 Yrs    DSB = 01-10-89           Full Term Date = 01-09-93
****************************************************************************

| Anni-versary Date | Consid-eration Begins | Vested Date | Maximum To Award | Actual Award | Running Total | Release Date 01-09-93 |
|---|---|---|---|---|---|---|
| 01-10-90 | 01-10-90 | 01-24-90 | 54 | 54 | 54 | 11-16-92 |
| 01-10-91 | 01-10-91 | 01-24-91 | 54 | 54 | 108 | 09-23-92 |
| 01-10-92 | 01-10-92 | 01-24-92 | 54 | 54 | 162 | 07-31-92 |
|  | 05-25-92 | 07-05-92 | 26 | 26 | 188 | 07-05-92 |

****************************************************************************

In the above example, the sentence is 4 years.  This example
shows a sentence with a number of Vested Dates with no
overlapping of the 15 days at the end of the service of a full
year and the six weeks at the end of the sentence.

EXAMPLE NO. 9

Sentence = 7 Yrs DSB = 01-10-89                    Full Term Date = 01-09-96
*****************************************************************************

| Anni-versary Date | Consid-eration Begins | Vested Date | Maximum To Award | Actual Award | Running Total | Release Date 01-09-96 |
|---|---|---|---|---|---|---|
| 01-10-90 | 01-10-90 | 01-24-90 | 54 | 54 | 54 | 11-16-95 |
| 01-10-91 | 01-10-91 | 01-24-91 | 54 | 54 | 108 | 09-23-95 |
| 01-10-92 | 01-10-92 | 01-24-91 | 54 | 54 | 162 | 07-31-95 |
| 01-10-93 | 01-10-93 | 01-24-93 | 54 | 54 | 216 | 06-07-95 |
| 01-10-94 | 01-10-94 | 01-24-94 | 54 | 54 | 270 | 04-14-95 |
|  | 01-04-95 | 01-24-95 | 54 | 54 | 324 | 02-19-95 |
|  | 01-04-95 | 02-14-95 | 5 | 5 | 329 | 02-14-95 |

*****************************************************************************

In the above example, the sentence is 7 years.  This example
shows a sentence with a number of Vested Dates and with an
overlapping of the consideration time for the 54 days and 5 days
of GCT.  This overlapping of consideration time, explained before
and shown in previous examples, results from the fact that there
is 41 days (which falls in the 7 through 65 days range) left to
be served on the final partial year of the sentence to be served
before the award of the 5 days of GCT is made.

  The above system administratively establishes a method that
accommodates the statutory provisions in 18 USC § 3624(b) and
allow staff the consideration time necessary to make proper
awards of GCT.

        The following is a guide to assist in monitoring Good
Conduct Time Awards.

        a.  Disallowance of GCT is determined by the DHO based
on a finding that an inmate committed a prohibited act.  The
DHO's decision is final and subject only to procedural review by
the Warden and inmate appeal through the Administrative Remedy
procedures.

        b.  The DHO will forward the completed Good Conduct
Time Action Notice (BP-448) to the Warden for procedural review.
After review, the form will be distributed as follows:  original
to ISM for action and filing in the Judgment and Commitment file,
and one copy to the inmate's Unit Manager for filing in the
Central File.

        c.  Prior to the beginning of each month, ISM staff
will execute a SENTRY Population Monitoring Transaction to
identify all inmates who have a Vested Date during the following
month. The ISM staff member keying in the information will sign
the Good Time Data Sheet.

        d.  During the 15 days after the Anniversary Date, ISM
staff will review the J&C File for any GCT disallowances during
the previous year.  ISM staff will determine the actual number of
days to be awarded by subtracting any GCT disallowances from the
maximum amount of 54 GCT days.  ISM staff should also determine
if there are any pending DHO decisions which may result in GCT
disallowances for the previous year.  Normally, ISM staff will

enter the number of days of Good Conduct Time into SENTRY on the
Vested Date, or the last normal work day prior to the Vested
Date.

       e.  If a Good Conduct Time Action Notice (BP-448) has
not been received by the Vested Date, then the Disciplinary Log
shall be used as the official record for disallowing GCT on the
Vested Date.  A copy of the disciplinary log shall be placed in
the J&C File pending receipt of a BP-448 that matches the
information on the disciplinary log.  After receipt of the
BP-448, the disciplinary log copy shall be destroyed.

       f.  For partial year awards, ISM staff will enter the
final GCT award into SENTRY on the inmate's release date prior to
the final satisfaction of the sentence.  The final GCT award
should be made on the inmate's release date, or the work day
preceding the release date since awards of GCT are vested and may
not later be disallowed.  If the time remaining on the sentence
is less than a year, a prorated amount of Good Conduct Time will
be entered into SENTRY.  This also includes shorter sentences up
to and including a sentence of 417 days (usually equaling 1 year,
1 month and 1 day), which do not earn the full amount of 54 GCT
days, but earn a lesser prorated amount.  Inmates serving SRA
sentences are not eligible for lump sum awards of GCT.

       g.  Community Corrections staff will perform the above
procedures for prisoners in community correction centers.  The
Disciplinary Log need not be produced for prisoners who are
boarded out to state facilities or who are serving their
sentences concurrently in a state facility.