10

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RECEIVED
2003 SEP 29 P 12:38
DIANA WEBB ATTORNEY'S OFFICE
HARTFORD, CONNECTICUT

FILED
2003 SEP 22 P 4:25
U.S. DISTRICT COURT
NEW HAVEN CONN.

v.

PRISONER
CASE NO. 3:03CV961(PCD)(JGM)

KUMA DEBOO and
KATHLEEN HAWK-SAWYER

RULING AND ORDER

The petitioner, Diana Webb ("Webb"), is currently confined at the Federal Prison Camp in Pekin, Illinois. She filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, while she was confined at the Federal Correctional Institution in Danbury, Connecticut. For the reasons that follow, the petition is denied

Procedural Background

On March 9, 1998, Webb was sentenced in the United States District Court for the Western District of Missouri to a total effective sentence of 150 months of imprisonment followed by a five year term of supervised release. She was credited for 284 days of time served prior to sentencing.

Webb has been credited with 54 days of good time credit for each of six years: 5/29/97-5/28/98; 5/29/98-5/28/99; 5/29/99-5/28/00; 5/29/00-5/28/01; 5/29/01-5/28/02; and 5/28/02-5/28/03 Bureau of Prison ("BOP") projections, assuming Webb will continue to receive the maximum of 54 days of good time credit for each

full year yet to be served and a pro-rated 48 days of good time credit for the final year, show her release date as April 19, 2008.[1]

## Discussion

Since the enactment of the Judiciary Act of 1789, the federal court in the district in which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus if the prisoner was in custody under the authority of the United States. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997) Today, this authority is codified at 28 U.S.C. § 2241(c)(3). In 1948, however, Congress enacted 28 U.S.C. § 2255. This statute "channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." Id.

Currently, "[a] motion pursuant to [section] 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)(citing Chambers v. United States, 106 F.3d 472, 474-75 (2d

---

[1] Webb also is scheduled to receive a one-year sentence reduction for completion of the BOP residential drug and alcohol rehabilitation program. This time is not reflected in the calculations used in this ruling.

2

Cir 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)). A section 2255 motion on the other hand, is considered "the proper vehicle for a federal prisoner's challenge to [the imposition of] conviction and sentence." Id. at 146-47. Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to section 2255 rather than a petition filed pursuant to section 2241. See Triestman, 124 F.3d at 373

In her section 2241 petition, Webb challenges the calculation of good time credit, an issue relating to the execution of her sentence. Thus, the petition properly was filed pursuant to section 2241.

Good time credit is awarded pursuant to 18 U.S.C. §3624(b)(1), which provides:

> [A] prisoner who is serving a term of imprisonment of more than one year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year of portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence. . . .

Webb argues that the BOP has incorrectly calculated the

3

maximum amount of good time credit as 588 days rather than 675 day, the number of days equivalent to fifteen percent of the 150 month sentence. She appears to contend that the BOP should award total amount of good time credit based upon the length of the sentence imposed and then reduce that total by up to 54 days per year if she has not complied with the requirements of the statute during particular year of her sentence.

The Ninth Circuit has addressed this exact argument. See Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002). In that case, the inmate argued that he should have received the full 54 days credit on his sentence of one year and one day, rather than the 47 days resulting from the pro-ration calculation performed by the BOP. He claimed that the reference to "term of imprisonment" in the statute required the BOP to base the calculation of good time credit on the length of the sentence imposed regardless of the time actually served. The court rejected this argument. The court noted the references in the statute to individual years of the term of imprisonment and that fact that, for sentences exceeding a year and one day, the prisoners do not receive any good time credit until they have complied with prison regulations for an entire year. The court concluded that accepting the prisoner's argument would result in a windfall for a prisoner during his last year of imprisonment—he would receive a full 54 days good time credit after serving only days. See id.

1268-69.

This court agrees with the reasoning of the Ninth Circuit. The statute clearly states that an inmate may receive up to 54 days of good time credit after each year of the term of imprisonment. The reference to this annual determination, required that the award be made each year. The records provided by the respondent reveal that Webb has been credited with full 54 days for each year of her sentence completed thus The projections assume that Webb will continue to receive the full amount each year.

In her argument, Webb fails to acknowledge that with each annual award of good time credit, her release date is adjusted. The statute requires that the credit be applied to the portion of the sentence yet to be served. See 18 U.S.C. § 3624(b)(1 ("credit toward the service of the prisoner's sentence, beyond the time served"). To date, she has been awarded 324 days, or nearly eleven months, of good time credit. That time is subtracted from Webb's release date. Because she will not be incarcerated for that eleven months, she will not be eligible to earn good time credit for that period. She cannot receive good time credit for time she did not serve. See Williams v. Lamanna, 2001 WL 1136069 (6th Cir. Sept. 19, 2001) (Section 3624(b)(1) "clearly states that good conduct time is awarded on time served by the inmate, and not on the time that might potentially be served by the inmate"). The court concludes that the BOP's

method of calculation of good time credit is consistent with and a reasonable interpretation of the statute

## Conclusion

The petition for writ of habeas corpus [doc. #1] is DENIED

The court determines that no question of substance is presented for appellate review. Thus a certificate of appealability is denied.

SO ORDERED.

Dated at New Haven, Connecticut this 18th day of September, 2003.

Peter C. Dorsey
United States District Judge

6