## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SALVATORE J. MURATELLA, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 04-456-WDS |
| | ) | |
| DARLENE VELTRI, | ) | |
| Respondent. | ) | |

### MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Petitioner filed this action pursuant to 28 U.S.C. § 2241. In this action he claims that the Bureau of Prisons is not awarding him all the good time credit he is entitled to under federal statute. *See* 18 U.S.C. § 3624(b). Therefore, he asks the Court to direct the Bureau of Prisons to give him additional credit, which would result in his immediate release.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Essentially, Petitioner takes issue with the B.O.P.'s interpretation of the federal statute

governing the award of good conduct credit.  The statute in question states, in pertinent part, that

> a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1).  As explained concisely by the Ninth Circuit,

> [t]he BOP has promulgated an implementing regulation, which adopts the amount of time actually served by a prisoner as the basis for the proration. 28 C.F.R. § 523.20.  The regulation consequently prorates the fifty-four days of credit a year earned by the model prisoner to 0.148 day of credit for every actual day served during good behavior (54/365 = 0.148).  At this rate, a prisoner who behaves himself may complete a sentence of a year and a day after serving 319 days in prison.  At that point, the prisoner will have earned forty-seven days of good time credits (319 x 0.148 = 47.212), which, when added to time served, would make up the full 366 days of his sentence (319 + 47 = 366).

*Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1267-68 (9th Cir. 2001), *cert. denied*, 535 U.S. 1105 (2002).

Petitioner argues that this formula conflicts with the governing statute.  His view, similar to Pacheco's, is that "when the statute awards fifty-four days 'at the end of each year of the prisoner's term of imprisonment,' this award should be based on the sentence imposed, without regard to the time actually served." *Id.* at 1268.  However, the Ninth Circuit felt that the B.O.P.'s interpretation of the statute was "reasonable," *id.* at 1271, and this Court agrees, as this finding is in accord with the Seventh Circuit's holding that "[t]he federal good time statute, 18 U.S.C. § 3624, makes it clear that it is the Bureau of Prisons, not the court, that determines whether a federal prisoner should receive good time credit." *United States v. Evans*, 1 F.3d 654, 654 (7th Cir. 1993).  *See also Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) ("[t]he Bureau of Prisons is . responsible for computing that sentence and applying appropriate good time credit.").

- 2

Therefore, Petitioner has not presented a viable basis for granting habeas corpus relief. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: SEPTEMBER 2, 2004.**

<u>s/ **WILLIAM D. STIEHL**</u>
**DISTRICT JUDGE**