UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES F. RINALDI, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 04-40115-JLT |
| DAVID L. WINN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS

August 18, 2005

DEIN, U.S.M.J.

## I. INTRODUCTION

The Petitioner, James F. Rinaldi ("Rinaldi" or the "Petitioner"), has brought a Petition for Writ of Mandamus and/or Habeas Corpus pursuant to 28 U.S.C. §§ 1361 and 2241. Therein, Rinaldi contends that the Federal Bureau of Prisons ("BOP") has incorrectly interpreted 18 U.S.C. § 3624(b) granting good time credits to inmates. Consequently, Rinaldi contends, he is being detained improperly.[1]

---

[1] According to the pleadings, if Rinaldi was to serve his full sentence, his release date would be December 15, 2005. Using the BOP's calculations, if Rinaldi earned all of his good time credits he would have been released on August 8, 2005. See Memorandum of Law in Support of Respondent's Motion to Dismiss ("Resp. Mem.") (Docket No. 7) at 4. This court has no information as to whether Rinaldi remains incarcerated. Nevertheless, the court will address the merits of the pending motion to dismiss, as the Petitioner's sentence included three years of supervised release. Therefore, the petition remains viable. Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998). See also Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002) (a person subject to supervised release is "in custody" and may seek habeas corpus relief); United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997) (same).

The matter is presently before the court on the Respondent BOP's Motion to Dismiss (Docket No. 6). Because the First Circuit has addressed the precise issue raised in this petition in <u>Perez-Olivo v. Chavez</u>, 394 F.3d 45 (1st Cir. 2005), and concluded that the BOP's interpretation of 18 U.S.C. § 3624(b) was reasonable, this court recommends to the District Judge to whom this case is assigned that the Motion to Dismiss be ALLOWED.

## II.  STATEMENT OF FACTS

On November 7, 2003, Rinaldi was sentenced in the United States District Court for the District of Nevada to a period of incarceration of 33 months, with a three-year term of supervised release, for one count of travel with intent to engage in a sexual act with a juvenile, in violation of 18 U.S.C. § 2423(b). <u>See</u> Declaration of Stephanie Scannell ("Scannell Decl.") (Docket No. 8) at Ex. B. If he were to serve his full term, Rinaldi would be released on December 15, 2005. <u>Id.</u>

The Sentencing Reform Act, 18 U.S.C. § 3624(b), provides for "good conduct time credit" which may be earned by inmates to reduce the period of their incarceration. That statute provides in relevant part as follows:

> (b)  Credit toward service of sentence for satisfactory behavior.
>
> > (1)  Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by

-2-

>   the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. *** Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.
>
>   (2)   Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

Id.

In order to implement this statute, BOP issued 28 C.F.R. § 523.20, which provides as follows:

>   (a)   When considering good conduct time for an inmate serving a sentence for an offense committed on or after April 26, 1996, the Bureau shall award:
>
>   (1)   54 days credit for each year *served* (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or
>
>   (2)   42 days credit for each year *served* (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

Id. (emphasis added). Thus, according to the BOP, good conduct time credit "is not awarded on the basis of the length of the sentence imposed, but rather on the number of

days actually served." See BOP Program Statement 5880.28, Sentence Computation Manual (CCA of 1984) (attached to Scannell Decl. at Ex. D) at p. 1-48.

Rinaldi disputes the BOP's interpretation of 18 U.S.C. § 3624(b). Instead of calculating the credits on the basis of time actually served, Rinaldi contends that the credits should be calculated based on the length of the sentence imposed. See Petition (Docket No. 1) at 1-2, 7.

### III.  ANALYSIS[2]

In Perez-Olivo v. Chavez, 394 F.3d 45 (1st Cir. 2005), the First Circuit addressed the precise claim raised by Rinaldi, i.e., whether under 18 U.S.C. § 3624(b)(1) good conduct time must be calculated based on the time the prisoner is sentenced to serve or whether the BOP properly calculates the credit based on the time the prisoner actually serves. Id. at 47. The court found the statute to be ambiguous, but concluded that the BOP's interpretation was reasonable. Id. at 53. Consequently, Rinaldi's argument must fail.

---

[2] The BOP contends, in a footnote, that Rinaldi did not exhaust his administrative remedies, but notes that the courts are divided as to whether exhaustion is necessary under 28 U.S.C. § 2241. Resp. Mem. at 4 n.1. Since the BOP has not moved to dismiss on the grounds of failure to exhaust administrative remedies, that issue will not be addressed herein.

## IV.  CONCLUSION

In light of Perez-Olivo v. Chavez, 394 F.3d 45 (1st Cir. 2005), this court recommends to the District Judge to whom this case is assigned that the BOP's Motion to Dismiss (Docket No. 6) be ALLOWED.[3]

                                                                  / s / Judith Gail Dein
                                                                   Judith Gail Dein
                                                                   United States Magistrate Judge

---

[3]  The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985).  Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).